IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT LEE WINFIELD, JR.,

    Petitioner,

v.                                  Civil Action No. 3:11cv316

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION**

Robert Lee Winfield, a federal prisoner proceeding pro se, filed a document which he styled as a petition for a writ of error coram nobis. In Winfield's criminal case, United States v. Winfield, No. 2:95cr193 (E.D. Va.), the Court previously denied a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Although styled as a petition for a writ of error coram nobis, the present action is in fact a successive motion pursuant to 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." Winfield has not obtained such an order from the United States Court of Appeals for the Fourth Circuit, and, therefore, this Court lacks jurisdiction to consider his successive application for § 2255 relief.

Winfield cannot avoid that result by styling his present motion as a petition for a writ of error coram nobis. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)(emphasizing that inmates may not circumvent the limitations on successive § 2255 motions simply by inventive labeling). A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000); see also United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) (holding that a writ of coram nobis applies only when the applicant is not in custody); Harris v. United States, No. 2:88cr76, 2007 WL 1835526, at *2 n.1 (E.D. Va. June 25, 2007) (explaining that coram nobis relief is not available to a petitioner who, like Winfield, is serving a life sentence). Accordingly, the action will be DISMISSED for lack of jurisdiction. The Court will DENY a certificate of appealability.[1]

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Winfield has not satisfied this standard.

The Clerk is directed to send a copy of the Memorandum Opinion to Winfield.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 10, 2004